Filed 2/28/24  P. v. Seay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONALD SEAY,<br><br>    Defendant and Appellant. | C096529<br><br>(Super. Ct. No. 18FE023832) |

A jury found defendant Ronald Seay guilty of first degree murder and found true allegations defendant committed the offense while lying in wait and personally used a firearm causing the death of Amber Clark (Clark).  Defense counsel asked the trial court to use its "newly-found power" under Penal Code section 1385[1] to strike the firearm

---

[1]  Undesignated statutory references are to the Penal Code.

1

enhancement at sentencing. The court denied defendant's request. On appeal, defendant argues the court abused its discretion because it did not consider and afford great weight to defendant's mental illness or consider the lack of danger to public safety if the enhancement were stricken. Defendant also notes an error in the abstract of judgment.

Because we conclude the trial court failed to properly exercise its discretion when considering defendant's claims, we vacate the sentence and remand for resentencing.

BACKGROUND

Defendant was a frequent visitor to the library where Clark worked as a library supervisor. He violated library rules many times; the police were sometimes summoned, and Clark prepared a notice to ban defendant from the library. A police officer gave defendant the notice. Two months later, Clark was leaving a library meeting when defendant shot and killed her in her car.

Before trial, the court received reports from mental health experts: two describing defendant's competency to stand trial and two regarding his sanity at the time of the crime. Each of the experts diagnosed defendant with various mental disorders.

A jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true allegations that defendant committed the murder while lying in wait (§ 190.2, subd. (a)(15)) and personally discharged a firearm causing death (§ 12022.53, subd. (d)).

At the sentencing hearing, defense counsel asked the trial court to strike the firearm enhancement, saying: "I would ask -- under Penal Code Section 1385 and the Court's newly-found power over the last few years from the legislature -- to strike the [section] 12022.53(d) enhancement. [¶] I understand that there's no logical basis for that, based on the facts found true by the Court, but . . . I believe there isn't any chance [defendant] will be commuted from the life-without-possibility-of-parole commitment, and I believe that in one act of mercy, albeit very, very -- not of any significance, if you will, I'd ask the Court to consider striking the [section] 12022.53(d) enhancement."

2

The trial court denied the request, stating: "I am not going to do that. I understand the thrust of the Defendant's motion on this and the symbolism that [defense counsel] seeks would be advanced in this fashion, but as the statute 12022.53(d) does provide in a case where a firearm is discharged in the course of committing crime and if somebody is killed as a consequence, the 25-to-life sentence, life with possibility of parole, is the legislative contemplation, and plainly and certainly on facts such as are presented here, where 11 bullets were put in and through [Clark], this enhancing allegation, which was found to be true, should result in the imposition of the sentence intended by the Legislature. [¶] I fully appreciate, as do both counsel, that it is more symbolic than of any real effect in that the Defendant is going to be sentenced to life without the possibility of parole."

The trial court sentenced defendant to life without the possibility of parole, plus a 25-year-to-life indeterminate sentence for the firearm enhancement.

DISCUSSION

Defendant argues the trial court erred when it refused his request to dismiss the firearm enhancement under section 1385. Specifically, defendant argues the trial court failed to consider and afford great weight to his mental illness as a contributing factor to the crime and did not find dismissal of the strike could pose a danger to public safety, as required by the statute.

As a threshold matter, the People assert defendant forfeited the issue because at the sentencing hearing defense counsel did not identify the specific mitigating circumstances he now claims apply. But counsel specifically asked the trial court to use its "newly-found power" under section 1385 to strike the firearm enhancement, and that

3

is all that was required to preserve the issue on appeal.  We will thus consider the merits of defendant's challenge.[2]

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . , which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice.  (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Section 1385, effective January 1, 2022, provides:  "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.  [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c).)  One of the enumerated mitigating circumstances is that the "offense is connected to mental illness."  (§ 1385, subd. (c)(2)(D).)

As the parties acknowledge, there is currently a split among the Courts of Appeal as to the interpretation of the requirement to "afford great weight" to the mitigating circumstances.  (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted Mar. 22, 2023, S278309 with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096-1098, review granted Apr. 12, 2023, S278894.)  This issue is currently under review and

---

[2] Because we conclude the issue was not forfeited, we need not consider defendant's argument that he received ineffective assistance of counsel.

the California Supreme Court will ultimately decide the parameters of a trial court's discretion under amended section 1385.

We need not weigh in on this split of authority here, however. In this case, the issue is not whether the trial court afforded adequate weight to defendant's mental illness, but whether that court considered defendant's mental illness as a factor *at all*. Both *Walker* and *Ortiz* agree that, at the very least, trial courts are now obligated to consider certain mitigating factors when deciding whether to dismiss an enhancement under section 1385. (*People v. Ortiz, supra*, 87 Cal.App.5th at p. 1095; *People v. Walker, supra*, 86 Cal.App.5th at pp. 398-399.)

We review a trial court's order denying a motion to dismiss a sentencing enhancement pursuant to section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) An abuse of discretion may occur where the trial court is not aware of its discretion, considers impermissible factors, fails to consider relevant factors, or where the decision is so irrational or arbitrary, no reasonable person could agree with it. (*Id.* at pp. 377-378.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Here, although the sentencing hearing occurred five months after the applicable changes to section 1385 took effect, the trial court's articulated decision affirmatively reflects a lack of consideration of the factors required under the statute. The court explained it was denying the request because defendant had met the requirements of section 12022.53, subdivision (d) in that he had used a firearm to kill Clark, and that the enhanced punishment was intended by the Legislature. The court thus affirmatively failed to consider whether defendant's mental illness was connected to the offense; further, the court did not conclude that striking the enhancement could endanger public safety. Indeed, as defendant notes, the court's statement that its decision "is more symbolic than of any real effect" suggests striking the enhancement would *not* endanger

5

the public because defendant would be incarcerated for life regardless. There was evidence that defendant was mentally ill and that there was some connection between the offense and the illness; the court was required to consider this evidence and to make certain findings accordingly.

We further reject the People's argument that the trial court "impliedly" considered the relevant factors. As we have set forth above, the court explained why it was denying the motion to strike the enhancement and provided an affirmative record of its considerations; defendant's mental illness and his potential risk to public safety were not among them. Likewise, the People's suggestion that any error was harmless because the court merely failed "to make an express ruling" is incorrect. The error is not that the court failed to provide a sufficient statement of reasons for its decision. Rather, the court *did* provide an express ruling giving its reasons for the decision, and those reasons are not consistent with section 1385. We cannot presume consistent findings were made where the record affirmatively reflects the court's sole basis for the decision was that defendant committed the conduct legislatively required for the enhancement to apply to him. Nor can we presume to know what the court would have done had it been fully aware of its discretionary duties. (See *People v. Salazar* (2023) 15 Cal.5th 416, 431, 432.)

Thus, because the record indicates the trial court failed to consider relevant mitigating factors, the case must be remanded for resentencing. (*People v. Kelley* (1997) 52 Cal.App.4th 568, 582.) We offer no opinion as to the outcome of the resentencing.

Finally, the parties agree the abstract of judgment included a clerical error because it directed defendant to pay a $5,000 parole revocation restitution fine, even though the trial court did not orally impose such a fine. The parties are correct that the court did not impose this fine, and, in any case, this fine does not apply to defendant because he was sentenced to life without the possibility of parole. (*People v. Battle* (2011) 198 Cal.App.4th 50, 63.) The trial court will necessarily create a new abstract of judgment on remand; it should correctly reflect the fines imposed.

6

## DISPOSITION

The sentence is vacated.  The matter is remanded to the trial court for resentencing.  The judgment is otherwise affirmed.

 

 

 

 

/s/
Duarte, Acting P. J.

 

We concur:

 

 

/s/
Boulware Eurie, J.

 

 

/s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7